Argued and submitted February 26, reversed and remanded for reconsideration
July 18, 1990

# EMPLOYMENT DIVISION,
*Petitioner,*

*v.*

# SEARS, ROEBUCK & CO.
and Carole L. Whitehead,
*Respondents.*

(89-AB-754; CA A61322)

794 P2d 828

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Employment Division (Division) seeks review of an Employment Appeals Board (EAB) order holding claimant eligible for unemployment benefits. The issue is whether, in determining whether a claimant is disqualified from benefits for voluntarily leaving work without good cause, only the separation from the last employer may be considered.

Claimant had worked part-time at Sears, Roebuck & Co. (Sears). On October 11, 1988, she also began working part-time at Arctic Circle. Her hours at the two jobs did not conflict, because her supervisors at Sears were willing to work around her other schedule. However, on November 14, 1988, claimant quit her job at Sears, because she did not like working two jobs, did not care for the evening hours she had to work at Sears and because "her income from [Arctic Circle] was enough." On November 28, 1988, Arctic Circle unexpectedly laid her off temporarily, because of a remodeling project. She did not attempt to seek other employment, because she expected to be rehired by Arctic Circle in a month, which she was.

Claimant applied for unemployment benefits for the time that she was laid off by Arctic Circle. Division denied the claim, because she had voluntarily left her job at Sears without good cause. She appealed her denial. The referee denied benefits, finding that she had voluntarily left her job at Sears without good cause and that she had not earned in excess of four times her weekly benefit amount at Arctic Circle after she left Sears,[1] so she had not purged the disqualification, as required by ORS 657.176(2).[2] Claimant sought review by EAB,

---

[1] She worked for ten days after she quit and before she was laid off, earning $173.25, which is less than $388, four times her weekly benefit amount of $97.

[2] ORS 657.176 provides in part:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of a separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of failure to apply or accept work and shall promptly enter an assistant director's decision if required by ORS 657.265(4).

"(2) An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment * * * for which remuneration is received which equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification

which remanded the case on the basis that the proper work separation from the last employer, Arctic Circle, was not adjudicated.

A second hearing was held, and the referee forwarded the case to EAB under ORS 657.275. EAB allowed benefits, concluding:

> "We do not agree with the referee that the claimant is subject to disqualification by reason of having left work at Sears, Roebuck & Co. The claimant's last employer was Arctic Circle. Because Arctic Circle was the claimant's last employer, that is the relevant employment relationship to be considered when determining the claimant's eligibility for unemployment benefits. *See Schimschok v. Employment Division,* 53 Or App 593, 633 P2d 9 (1981)."

Division argues that EAB erred in awarding benefits to claimant, because the statute does not require that only the separation from the last employer be considered in deciding if a claimant voluntarily left work without good cause and that to the extent that *Schimschok v. Employment Division, supra,* holds otherwise, it is wrong.

ORS 657.176 disqualifies a person from unemployment benefits if the person left work without good cause until the person, "subsequent to the week in which the act causing the disqualification occurred," earns at least four times the weekly benefit amount. There is nothing in the statutes that requires that, in deciding whether a disqualifying act has occurred, only the separation from the last employer may be considered. In fact, other provisions of the law relating to unemployment compensation appear to contemplate that not only the last employer should be considered in determining eligibility for benefits. ORS 657.265(1) requires Division to notify, not only the claimant's last employing unit, but also the "immediately preceding employment units" in order to "establish service for which remuneration is received equal to or in excess of four times the individual's weekly benefit amount." In addition, ORS 656.265(4) provides that written

occurred, if the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause * * *."

notice of a disqualification from benefits "shall be given to the employing unit who, in the opinion of the assistant director, is most directly involved with the facts and circumstances relating to the reasons for disqualification." If that were always the last employer, that provision would be unnecessary.

■ ■    We hold that, in deciding if a claimant left work without good cause, Division is not limited to considering the separation from the last employer. It may review whether the separation from a prior employer is a disqualifying act, if the claimant has not yet earned four times her weekly benefit amount. To the extent that *Schimschok v. Employment Division, supra,* is inconsistent with this holding, it is overruled. Accordingly, this case is remanded to EAB to determine if claimant's separation from Sears was a disqualifying act.

Reversed and remanded for reconsideration.